**CITY OF OREM, Plaintiff and Appellee,**

v.

**Ko–Tung LEE, Defendant
and Appellant.**

**No. 920207–CA.**

Court of Appeals of Utah.

Jan. 21, 1993.

Linda Anderson and Sandra Dredge, Provo, for defendant and appellant.

Don McCandless, Orem, for plaintiff and appellee.

Before RUSSON, Associate P.J., and BILLINGS and JACKSON, JJ.

## OPINION

RUSSON, Associate Presiding Judge:

Ko–Tung Lee appeals his conviction of retail theft, a class B misdemeanor, in violation of Utah Code Ann. §§ 76–6–602 and –412(1)(d) (1990). We affirm.

## FACTS

On review of a bench verdict, "[w]e recite the facts from the record most favorable to the findings of the trial court." *State v. Moosman,* 794 P.2d 474, 476 (Utah 1990) (footnote omitted).

On December 23, 1991, Lee entered a K–Mart store in Orem, Utah, and proceeded to the appliance and tape section of the store. Wendy Callahan, the store's loss prevention manager, then observed the following

from the store's observation booth: (1) Lee entered the blank tape aisle wearing a coat and holding nothing in his hands; (2) he proceeded quickly to the camcorder tapes and selected a package containing two tapes; (3) he continued to an adjacent home improvement aisle, holding only the package of tapes in his hands; and (4) he left that aisle "with a caulking gun in his hand . . . and the two-pack of tapes in a crinkled-up K–Mart bag."

Callahan followed Lee to the check-out stand where Lee paid for the caulking gun, but did not pay for the tapes which were in the bag. After Lee exited the check-out area, Callahan stopped him and inquired about the tapes. He produced some receipts, including one for the purchase of video cassette tapes the preceding day. Callahan then requested that Lee accompany her to the store's security office, at which point he became hostile and attempted to leave the store. Callahan called for help, and with the assistance of other store personnel, Lee was escorted to the security office where he filled out a statement indicating that he "put tapes in bag."

Lee was subsequently arrested and charged with retail theft, in violation of Utah Code Ann. § 76–6–602 (1990). The matter was tried to the court, and Lee was found guilty as charged.

Lee appeals his conviction, claiming that: (1) the evidence was insufficient to support the trial court's verdict; (2) the trial court denied his constitutional rights by failing to provide an interpreter at trial; and (3) he was denied effective assistance of counsel.

## SUFFICIENCY OF THE EVIDENCE

■ Lee argues that the evidence at trial was insufficient to prove that he had committed retail theft in violation of Utah Code Ann. § 76–6–602 (1990).[1] We disagree.

---

1. Utah Code Ann. § 76–6–602 (1990) provides, in pertinent part:

    A person commits the offense of retail theft when he knowingly:

    (1) Takes possession of, conceals, carries away, transfers or causes to be carried away or transferred, any merchandise displayed,

    held, stored or offered for sale in a retail mercantile establishment with the intention of retaining such merchandise or with the intention of depriving the merchant permanently of the possession, use or benefit of such merchandise without paying the retail value of such merchandise. . . .

The standard of review for bench trials in criminal cases is derived from Rule 52(a) of the Utah Rules of Civil Procedure. That rule provides, in part:

> In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially.... Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

■ In *State v. Walker*, 743 P.2d 191 (Utah 1987), the Utah Supreme Court held that, under the "clearly erroneous" standard, a trial court's verdict in a criminal case will be set aside only if that verdict is against the clear weight of the evidence or "if the appellate court otherwise reaches a definite and firm conviction that a mistake has been made." *Id.* at 193. Thus, we review the trial court's verdict under the "clearly erroneous" standard.

At trial, Wendy Callahan, loss prevention manager for the Orem K–Mart, testified that she personally observed Lee: (1) enter the blank tape aisle of the store wearing a coat and holding nothing in his hands; (2) proceed to the camcorder tapes and select a package containing two video cassette tapes; (3) leave the tape aisle and continue to an adjacent home improvement aisle, holding only the tapes in his hand; and (4) leave that aisle "with a caulking gun in his hand ... and the two-pack of tapes in a crinkled-up K–Mart bag." Callahan further testified that after observing this, she followed Lee to the check-out line where she stood immediately behind Lee and observed him proceed through the check-out stand without paying for the tapes which were in the bag.

The only evidence at trial to refute the foregoing testimony was Lee's own testimony that he had gone to K–Mart to return the package of cassette tapes which he had purchased the preceding day, but because the service line was too long, he placed the tapes in a bag that he had brought with him to the store and proceeded to purchase a caulking gun. The trial court, however, rejected Lee's version and accepted the State's version, finding that Lee did not have the tapes in his possession when he entered the store, but removed the tapes from the store's shelf.

The verdict in this case is not against the clear weight of the evidence; rather, the evidence is plainly sufficient to support the trial court's verdict that Lee was guilty of retail theft in violation of section 76–6–602. Therefore, such verdict is not clearly erroneous.

## FAILURE TO APPOINT AN INTERPRETER

■ Lee argues that the trial court, in failing to appoint an interpreter at trial, denied his constitutional rights to confrontation, effective assistance of counsel and due process of law under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and article I, sections 7 and 12 of the Utah Constitution. However, Lee neither requested an interpreter, nor objected to the trial court's failure to appoint one below; thus, he raises this claim for the first time on appeal. We have consistently held that "a defendant may not assert a constitutional issue for the first time on appeal unless he can demonstrate 'plain error' or 'exceptional circumstances.'" *State v. Archambeau*, 820 P.2d 920, 925 (Utah App.1991). Since, in the case at bar, Lee has not raised, much less demonstrated, plain error by the trial court or exceptional circumstances which would justify our consideration of his claim on appeal, we decline to reach the merits of this claim.[2]

**2.** Moreover, even were we to reach the merits of Lee's claim, the record in this case reflects that Lee had been in the United States for a number of years, that he was employed as an engineer in Utah, and that he was a doctoral candidate at Brigham Young University. Further, the record reveals that Lee understood the nature of the trial court proceedings and effectively communicated his theory of the case at trial. Lee's answers to the court's and counsels' inquiries were consistently responsive and clearly demonstrated a sufficient understanding of the English language. Accordingly, Lee's case was not hampered by not having an interpreter at trial. *See*

## INEFFECTIVE ASSISTANCE OF COUNSEL

Lee argues that his conviction should be set aside because he was denied his constitutional right to effective assistance of counsel. Specifically, Lee claims that his trial counsel was deficient in failing to: (1) challenge the propriety of his detention at the store; (2) request an interpreter; (3) make objections to the admission of certain evidence at trial; and (4) offer into evidence his receipt for the video tapes purchased the day preceding this incident.

In order to prevail on an ineffectiveness of counsel claim on appeal, Lee must show "that his counsel rendered a deficient performance in some demonstrable manner, which performance fell below an objective standard of reasonable professional judgment and ... that counsel's performance prejudiced the defendant." *Bundy v. Deland*, 763 P.2d 803, 805 (Utah 1988) (citing *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984)). Moreover, as the United States Supreme Court advised in *Strickland:*

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069. Thus, we examine Lee's four claims for prejudice.

Lee first claims that trial counsel's failure to challenge the propriety of his detention at the store constituted ineffective assistance of counsel. Such claim is without merit. Utah Code Ann. § 76–6–603 (1990) provides, in pertinent part:

> Any merchant who has probable cause to believe that a person has committed retail theft may detain such person, on or off the premises of a retail mercantile establishment, in a reasonable manner and for a reasonable length of time for all or any of the following purposes:

> (1) To make reasonable inquiry as to whether such person has in his possession unpurchased merchandise and to make reasonable investigation of the ownership of such merchandise;

> (2) To request identification;

> (3) To verify such identification;

> (4) To make reasonable request of such person to place or keep in full view any merchandise such individual may have removed, or which the merchant has reason to believe he may have removed, from its place of display or elsewhere, whether for examination, purchase or for any other reasonable purpose.

> (5) To inform a peace officer of the detention of the person and surrender that person to the custody of a peace officer....

■ Here, Wendy Callahan's personal observation that Lee entered the blank tape aisle of the store wearing a coat and holding nothing in his hands, proceeded to the camcorder tapes and selected a package containing two video cassette tapes, left the tape aisle and continued to an adjacent home improvement aisle, holding only the tapes in his hand, left that aisle "with a caulking gun in his hand ... and the two-pack of tapes in a crinkled-up K–Mart bag," and proceeded through the check-out stand without paying for the tapes, gave K–Mart employees probable cause to believe that Lee had committed retail theft. Accordingly, the resulting detention of Lee was justified under section 76–6–603.

■ Lee further alleges that the K-mart employees used undue force to detain him, and detained him for an excessive length of time. However, the record reflects that the K-mart employees only used that force necessary to counteract Lee's hostility and attempts to exit the store. Moreover, the K-mart employees only detained Lee until the arresting officers arrived at the store. Since section 76–6–603 permits any merchant who has probable cause to believe that a person has committed retail theft to

*State v. Drobel*, 815 P.2d 724, 737 (Utah App.), *cert. denied*, 836 P.2d 1383 (Utah 1991).

detain such person in a reasonable manner for a reasonable length of time in order to surrender that person to the custody of a peace officer, Lee's detention was reasonable in time and manner in compliance with that section. Therefore, counsel's failure to challenge the propriety of such detention did not prejudice Lee.

 Lee also argues that trial counsel's failure to request an interpreter denied him effective assistance of counsel. We disagree. The record in this case reflects that Lee understood the nature of the proceedings below. While Lee's English may have been somewhat broken, he was able to effectively communicate and respond to the court's and counsels' inquiry. It does not appear that counsel, nor the court, had any reason to believe that Lee required an interpreter, thus counsel's failure to request one was not prejudicial to Lee.

Lee next claims that counsel's failure to make objections to the admission into evidence of the cassette tapes and the written statement, "put tapes in bag," denied him effective assistance of counsel. Such argument is without merit. Both the cassette tapes and the statement, "put tapes in bag," were consistent with Lee's own testimony that he had gone to K–Mart to return the cassette tapes, but because the service line to return the tapes was too long, he put the tapes in a bag and proceeded to purchase a caulking gun. Lee's placing the cassette tapes in the bag was never at issue; rather, the source of those tapes was the issue. Therefore, failure to object to the admission of that evidence did not prejudice Lee.

Finally, Lee contends that trial counsel's failure to offer into evidence his receipt for the cassette tapes that he had purchased the day preceding this incident constituted ineffective assistance of counsel. However, such omission was not prejudicial since Lee's own testimony that he had produced such receipt was not only unrefuted, but was also confirmed by a State's witness. Therefore, introduction of that receipt would have been cumulative.

Accordingly, because Lee fails to demonstrate that he was prejudiced by any of the claimed deficiencies, we conclude that he was not denied effective assistance of counsel.

## CONCLUSION

Based on the foregoing, we conclude that: (1) the evidence was sufficient to support the trial court's verdict that Lee was guilty of retail theft, in violation of Utah Code Ann. § 76–6–602 (1990); (2) the trial court did not abuse its discretion in failing to appoint an interpreter at trial; and (3) Lee was not denied effective assistance of counsel. Accordingly, we affirm Lee's conviction.

BILLINGS and JACKSON, JJ., concur.